STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1171

CUNARD LINE LIMITED CO.

VERSUS

DATREX, INC.

************

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ALLEN, NO. C-2002-140,
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan and Glenn B. Gremillion, Judges.

AFFIRMED.

Antonio J. Rodriguez
A. T. Chenault, IV
Philip C. Brickman
Fowler, Rodriguez & Chalos
1331 Lamar Street, Suite 1560
Houston, TX 77010
(713) 654-1560
COUNSEL FOR PLAINTIFF/APPELLANT:
     Cunard Line Limited Co.

Davis B. Allgood

Daniel B. Davis
Jones, Walker, Waechter, Poitevent,
Carrère & Danègre, L.L.P.
8555 United Plaza Boulevard, 5th Floor
Building IV

**Baton Rouge, LA 70809**
**(225) 248-2000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Datrex, Inc.**

**Phillip W. DeVilbiss**
**Scofield, Gerard, Singletary & Pohorelsky**
**1114 Ryan Street**
**Post Office Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:**
    **Charles M. Holbrook**

**Dan Edward West**
**Deborah A. Howell**
**McGlinchey Stafford, PLLC**
**One American Place, 14th Floor**
**Baton Rouge, LA 70825**
**(225) 383-9000**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE:**
    **Stantech, Inc.**

PETERS, J.

Cunard Line Limited Co. (Cunard) purchased lighting systems from Datrex, Inc. (Datrex) for installation on its cruise ships. Subsequently, Cunard filed the instant suit against Datrex for damages and attorney fees in connection with alleged problems with the lighting systems. Datrex filed an exception of prescription, which the trial court granted. Cunard has appealed. At issue in this appeal is whether the one-year prescriptive period for redhibitory defects applies or the ten-year prescriptive period for conventional obligations applies. For the following reasons, we affirm the trial court's grant of the exception of prescription.

## DISCUSSION OF THE RECORD

Cunard owns a fleet of cruise ships. In order to comply with International Maritime Organization (IMO) regulations requiring the installation of lighting devices to mark passenger escape routes and exits, Cunard sought to equip its cruise ships with low-location lighting (LLL) systems. Datrex was in the business of selling LLL systems, and it advertised, marketed, and promoted its lighting systems to the cruise ship industry.

Datrex submitted proposals to Cunard for several of its cruise ships, which proposals included information about Datrex's system, recommendations, materials estimates, and the cost of the system. Beginning in 1996 through early 1997, Cunard sent purchase orders to Datrex for the LLL systems for four of its ships, and Datrex supplied the systems to Cunard.

However, according to Cunard, there were "numerous delays" by Datrex in delivering the system components, but the systems were delivered sometime before late 1997. Regarding installation of the LLL systems, Cunard and Datrex had agreed that Cunard would pay additional compensation to Datrex for any installation services

provided by Datrex, including the training of Cunard's employees to install the LLL systems. However, Cunard chose to install the LLL systems on the four ships at issue without any assistance from Datrex.

On March 14, 2002, Cunard filed the instant petition for damages and attorney fees against Datrex, alleging that, following delivery and installation of the LLL systems, "numerous problems immediately developed, including, but not limited to, shorting out." In fact, according to its petition, Cunard was aware of these problems by late 1997. Cunard also alleged that the Coast Guard found the LLL systems to be "non-compliant with safety standards."

Prior to the filing of Cunard's suit, Datrex attempted to address Cunard's problems with the systems. According to David Mills, Datrex's executive vice president, his inspection of the systems revealed "some very serious issues with installation" which could have been avoided had Cunard accepted the installation training offered by Datrex. Mr. Mills indicated that proper installation was crucial in order for the LLL systems to work properly. In fact, Mr. Mills testified that Datrex sold the LLL system to Cunard for installation on a fifth ship owned by Cunard and that Cunard paid for installation training for that system; Datrex has not been sued over the system installed on that ship, nor has it been sued on LLL systems sold to other customers.

Datrex ceased its repair efforts in May of 1999. Cunard alleged in its petition that it was compelled to contract with another company to have the Datrex LLL system removed and another LLL system installed on its ships.

Datrex responded to Cunard's petition by filing various pleadings, including an exception of prescription. In its exception, Datrex asserted that Cunard's claims

2

were barred by the one-year prescriptive period applicable to redhibition and tort claims. Cunard opposed the exception on the basis that the ten-year prescriptive period for contract claims was applicable.

A hearing was held on the exception, and Datrex submitted testimonial and documentary evidence, including Cunard's opposition to the exception and attached exhibits; Cunard presented no evidence. The trial court found that the contract between Cunard and Datrex constituted primarily a contract of sale such that the claim was subject to the one-year prescriptive period for redhibition actions. Thus, the trial court granted Datrex's exception of prescription and dismissed Cunard's claims. Cunard then filed a motion for new trial, which the trial court denied. Cunard has appealed.

**OPINION**

Louisiana Civil Code Article 2520 provides:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

Importantly, an action for redhibition against a seller prescribes in one year from the day the defect was discovered by the buyer, unless the seller did not know of the existence of a defect in the thing sold, in which case the action prescribes in four years from the day delivery of the thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first. La.Civ.Code art.

3

2534. Thus, under La.Civ.Code art. 2534, Cunard's claims have prescribed, and Cunard does not argue otherwise.

Rather, on appeal, Cunard argues that La.Civ.Code art. 2524 provides an alternative cause of action for defective products along with an additional prescriptive period of ten years. Louisiana Civil Code Article 2524 provides:

> The thing sold must be reasonably fit for its ordinary use.
> When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.
> *If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.*

(Emphasis added.)

Under the rules of conventional obligations, La.Civ.Code art. 3499 provides that "a personal action is subject to a liberative prescription of ten years."

Specifically, Cunard contends on appeal that it alleged in its petition that the Datrex LLL system was unsuitable for ordinary use in a cruise ship. Further, Cunard contends that it alleged that it relied on Datrex's skill in selecting the LLL system and that Datrex was aware of Cunard's particular purpose for the LLL system, i.e., compliance with IMO regulations. Thus, Cunard argues that these allegations bring its claim within the ambit of La.Civ.Code art. 2524.

Cunard did assert in its petition that the LLL systems were "unsuitable for ordinary use in a cruise ship," but it based this assertion on the "defective design and/or installation" of the systems. Additionally, Cunard alleged in its petition that it "did in fact rely upon DATREX'S skill, judgment and representations regarding the" LLL systems, but again it asserted that the systems were "defective." Regardless of the language in which Cunard couched its cause of action, it is evident that

4

Cunard's cause of action arose out of the allegedly defective condition of the LLL systems. Importantly, Cunard did not contend that a properly functioning Datrex LLL system would fail to meet either IMO requirements or Cunard's needs or purposes. Rather, essentially, Cunard alleged that the Datrex LLL systems at issue were not suitable for ordinary use or for Cunard's intended use or particular purpose because they were defective.

Thus, the issue before us is whether La.Civ.Code art. 2524 is intended to encompass the warranty against redhibitory defects so as to provide an additional cause of action for defective products. This issue is res nova for us.

A law shall be applied as written and no further interpretation made in search of the legislature's intent, when the law is clear and unambiguous and its application does not lead to absurd consequences. La.Civ.Code art. 9; *Mallard Bay Drilling, Inc. v. Kennedy*, 04-1089 (La. 6/29/05), 914 So.2d 533. It is presumed that no words or provisions in a statute were used unnecessarily and that every word and provision in a statute was intended to serve some useful purpose. *Id.* Conversely, it is not presumed that the legislature intended any part of a statute to be meaningless, redundant, or useless or that it inserted idle, meaningless, or superfluous language in a statute. *Id.* Additionally, courts have a duty, if possible, to adopt a statutory construction that harmonizes and reconciles the statute with other statutory provisions. *Id.* Finally, courts should avoid a statutory construction that creates an inconsistency, when a reasonable interpretation can be adopted that will carry out the legislature's intention and that does not do violence to the plain words of the statute. *Id.*

Louisiana Civil Code Article 2524, regarding fitness for ordinary use and/or for a particular use or purpose, was added by 1993 La. Acts No. 841, § 1, effective January 1, 1995. Revision Comment (a) to the Article states: "The Louisiana jurisprudence has recognized the existence of [the seller's obligation of delivering to the buyer a thing that is reasonably fit for its ordinary use] although, in most instances, *it has been confused with the warranty against redhibitory vices*." (Emphasis added.) Further, Revision Comment (b) to La.Civ.Code art. 2524 provides: "Under this Article when the thing sold is not fit for its ordinary use, *even though it is free from redhibitory defects*, the buyer may seek dissolution of the sale and damages, or just damages, under the general rules of conventional obligations. The buyer's action in such a case is one for breach of contract and not the action arising from the warranty against redhibitory defects." (Emphasis added.)

It is apparent that the legislature intended by Act 841 to address and clarify any confusion between the warranty against redhibitory defects and the warranty of fitness for ordinary use and/or for a particular use or purpose by enacting La.Civ.Code art. 2524 as a separate and distinct Article from La.Civ.Code art. 2520. It would appear superfluous or redundant for the legislature to have enacted two warranty statutes addressing the same subject matter, with no mention or indication of its reasoning for the overlap, such as to provide for an election of remedies and prescriptive periods. In fact, Act 841 additionally enacted La.Civ.Code art. 2529, which provides: "When the thing the seller has delivered, though in itself free from redhibitory defects, is not of the kind or quality specified in the contract or represented by the seller, the rights of the buyer are governed by other rules of sale and conventional obligations." Thus, it appears that the legislature intended to

separate and categorize three different types of warranties applicable to sales rather than to have all such warranties defaulted into the category of the warranty against redhibitory defects. Accordingly, we conclude that La.Civ.Code art. 2524 applies to a situation in which the cause of action is based, not on the defective nature of the thing at issue, but on its fitness for ordinary use and/or for a particular use or purpose.

Because Cunard's cause of action is based on the allegedly defective nature of the LLL systems, it is limited to the prescriptive period for redhibitory defects and may not avail itself of the ten-year prescriptive period for conventional obligations. Thus, the trial court did not err in granting Datrex's exception of prescription.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court granting Datrex, Inc.'s exception of prescription. We assess costs of this appeal to Cunard Line Limited Co.

**AFFIRMED.**

7