NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-487

ROBERT T. BAROUSSE

VERSUS

FORD MOTOR COMPANY, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2011-10224
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED.

Carl J. Giffin, Jr.
Robert W. Maxwell
Howard B. Kaplan
Bernard, Cassisa, Elliot & Davis
P.O. Box 55490
Metairie, LA 70055-5490
(504) 834-2612
COUNSEL FOR DEFENDANT/APPELLANT:
    Ford Motor Company, Inc.

**Nicholas Bellard**
**Bellard Law Offices LLC**
**532 Court Circle**
**Crowley, LA 70526**
**(337) 783-2992**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Robert T. Barousse**

**DECUIR, Judge.**

Ford Motor Company, Inc. (Ford) appeals a grant of summary judgment in favor of Robert Barousse (Barousse).

## FACTS

In January 2011, Barousse bought a 2011 Ford Expedition from Shetler-Corley in Crowley, Louisiana for $52,760.00. Barousse desired that the vehicle have a rear seat DVD player that could be controlled from the front seat of the vehicle. The Expedition's owner's manual indicated that this feature was available. Shetler-Corley did not have a vehicle so equipped, so they ordered a vehicle from Pegues-Hurst in Longview, Texas.

The vehicle arrived and after taking it home Barousse discovered that the DVD player could not be controlled from the front seat. Barousse returned to Shetler-Corley to have the DVD player repaired. Unable to resolve the problem, Shetler-Corley contacted Ford. Ford explained that the front control feature was only available on vehicles with DVD players installed at the factory. As it turned out, Pegues-Hurst had installed the Ford DVD player at the dealership. Ford explained that the front seat control was not available in a vehicle so configured.

At this point Barousse became fixated on the reference to the front seat control feature listed in the owner's manual and insisted that he wanted the feature. Shetler-Corley offered to have Barousse return the vehicle and get his money back. Barousse refused insisting that it was Ford's fault because of the owner's manual reference.

Barousse filed this suit against Ford seeking damages due to a redhibitory defect in the vehicle. Ford filed an exception of no cause of action which was denied by the trial court. Barousse filed a motion for summary judgment, which

the trial court granted ordering rescission of the sale, return of the purchase price plus interest, and attorney fees. Ford lodged this appeal.

## SUMMARY JUDGMENT

Ford contends that the trial court erred in granting Barousse's motion for summary judgment. We agree.

In reviewing a motion for summary judgment, an appellate court "applies the *de novo* standard of review, 'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer,* 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A genuine issue is one in which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Id.* Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators,* 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/13/03), 853 So.2d 645.

In this case, Ford argues that Barousse filed his motion for summary judgment based on alleged redhibitory defects as provided in La.Civ.Code art. 2520. Ford argues that Barousse then during argument switched to an entirely different allegation based on fitness for intended use as provided in La.Civ.Code art. 2524. Ford argues that summary judgment should not have been granted on the basis of this new argument. *See Thibodeaux v. Comeaux*, 08-314 (La.App. 3 Cir. 10/1/08), 996 so.2d 67, *writ denied*, 08-2609 (La. 1/9/09), 998 So.2d 724.

In *Cunard Line Ltd. Co. v. Datrex, Inc.*, 05-1171, pp. 3-7 (La.App. 3 Cir. 4/5/06), 926 So.2d 109, 112-114, this court discussed the relationship between these two articles as follows (alteration in original):

> Louisiana Civil Code Article 2520 provides:
>
>> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>>
>> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>>
>> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
>
> Importantly, an action for redhibition against a seller prescribes in one year from the day the defect was discovered by the buyer, unless the seller did not know of the existence of a defect in the thing sold, in which case the action prescribes in four years from the day delivery of the thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first. La.Civ.Code art. 2534. Thus, under La.Civ.Code art. 2534, Cunard's claims have prescribed, and Cunard does not argue otherwise.
>
> Rather, on appeal, Cunard argues that La.Civ.Code art. 2524 provides an alternative cause of action for defective products along with an additional prescriptive period of ten years. Louisiana Civil Code Article 2524 provides:

The thing sold must be reasonably fit for its ordinary use.

When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.

*If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.*

(Emphasis added.)

Under the rules of conventional obligations, La.Civ.Code art. 3499 provides that "a personal action is subject to a liberative prescription of ten years."

Specifically, Cunard contends on appeal that it alleged in its petition that the Datrex LLL system was unsuitable for ordinary use in a cruise ship. Further, Cunard contends that it alleged that it relied on Datrex's skill in selecting the LLL system and that Datrex was aware of Cunard's particular purpose for the LLL system, i.e., compliance with IMO regulations. Thus, Cunard argues that these allegations bring its claim within the ambit of La.Civ.Code art. 2524.

Cunard did assert in its petition that the LLL systems were "unsuitable for ordinary use in a cruise ship," but it based this assertion on the "defective design and/or installation" of the systems. Additionally, Cunard alleged in its petition that it "did in fact rely upon DATREX'S skill, judgment and representations regarding the" LLL systems, but again it asserted that the systems were "defective." Regardless of the language in which Cunard couched its cause of action, it is evident that Cunard's cause of action arose out of the allegedly defective condition of the LLL systems. Importantly, Cunard did not contend that a properly functioning Datrex LLL system would fail to meet either IMO requirements or Cunard's needs or purposes. Rather, essentially, Cunard alleged that the Datrex LLL systems at issue were not suitable for ordinary use or for Cunard's intended use or particular purpose because they were defective.

Thus, the issue before us is whether La.Civ.Code art. 2524 is intended to encompass the warranty against redhibitory defects so as to provide an additional cause of action for defective products. This issue is res nova for us.

A law shall be applied as written and no further interpretation made in search of the legislature's intent, when the law is clear and unambiguous and its application does not lead to absurd consequences.

La.Civ.Code art. 9; *Mallard Bay Drilling, Inc. v. Kennedy*, 04-1089 (La.6/29/05), 914 So.2d 533. It is presumed that no words or provisions in a statute were used unnecessarily and that every word and provision in a statute was intended to serve some useful purpose. *Id.* Conversely, it is not presumed that the legislature intended any part of a statute to be meaningless, redundant, or useless or that it inserted idle, meaningless, or superfluous language in a statute. *Id.* Additionally, courts have a duty, if possible, to adopt a statutory construction that harmonizes and reconciles the statute with other statutory provisions. *Id.* Finally, courts should avoid a statutory construction that creates an inconsistency, when a reasonable interpretation can be adopted that will carry out the legislature's intention and that does not do violence to the plain words of the statute. *Id.*

Louisiana Civil Code Article 2524, regarding fitness for ordinary use and/or for a particular use or purpose, was added by 1993 La. Acts No. 841, § 1, effective January 1, 1995. Revision Comment (a) to the Article states: "The Louisiana jurisprudence has recognized the existence of [the seller's obligation of delivering to the buyer a thing that is reasonably fit for its ordinary use] although, in most instances, *it has been confused with the warranty against redhibitory vices.*" (Emphasis added.) Further, Revision Comment (b) to La.Civ.Code art. 2524 provides: "Under this Article when the thing sold is not fit for its ordinary use, *even though it is free from redhibitory defects*, the buyer may seek dissolution of the sale and damages, or just damages, under the general rules of conventional obligations. The buyer's action in such a case is one for breach of contract and not the action arising from the warranty against redhibitory defects." (Emphasis added.)

It is apparent that the legislature intended by Act 841 to address and clarify any confusion between the warranty against redhibitory defects and the warranty of fitness for ordinary use and/or for a particular use or purpose by enacting La.Civ.Code art. 2524 as a separate and distinct Article from La.Civ.Code art. 2520. It would appear superfluous or redundant for the legislature to have enacted two warranty statutes addressing the same subject matter, with no mention or indication of its reasoning for the overlap, such as to provide for an election of remedies and prescriptive periods. In fact, Act 841 additionally enacted La.Civ.Code art. 2529, which provides: "When the thing the seller has delivered, though in itself free from redhibitory defects, is not of the kind or quality specified in the contract or represented by the seller, the rights of the buyer are governed by other rules of sale and conventional obligations." Thus, it appears that the legislature intended to separate and categorize three different types of warranties applicable to sales rather than to have all such warranties defaulted into the category of the warranty against redhibitory defects. Accordingly, we conclude that La.Civ.Code art. 2524 applies to a situation in which the cause of action is based, not on the defective nature of the thing at issue, but on its fitness for ordinary use and/or for a particular use or purpose.

Because Cunard's cause of action is based on the allegedly defective nature of the LLL systems, it is limited to the prescriptive period for redhibitory defects and may not avail itself of the ten-year prescriptive period for conventional obligations. Thus, the trial court did not err in granting Datrex's exception of prescription.

While the foregoing discussion does not address summary judgment directly, its explanation of the statutory interaction makes our path clear. Ford correctly asserts that Barousse attempts to change arguments in the middle of the summary judgment proceeding. Moreover, the trial court joined in without even a passing comment on whether the contract obligation of Article 2524 applies to Ford. In any event, we find there are genuine issues of material fact as to the existence and nature of a defect. Though now favored, summary judgment should not be granted when the basis of the mover's cause of action as well as material facts are in dispute. The trial judge erred in granting summary judgment.

Ford's contention that Barousse failed to state a cause of action has no merit. As explained above, several causes of action appear available. The trial court correctly denied the exception of no cause of action.

Finally, with regard to the allegations that Barousse abused his power as the Acadia Parish Clerk of Court by forcing Ford to pay court costs prior to filing this appeal, we must concur with Barousse's counsel. That is to say, the allegations should be addressed to Barousse in his official rather than individual capacity.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment is reversed and the case is remanded for further proceedings. All costs of these proceedings are taxed to Robert Barousse.

**REVERSED AND REMANDED.**

6

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.